## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

## AFFIANT BACKGROUND

1. Your affiant in this matter, Detective Timothy Palchak has been a police officer with the Metropolitan Police Department since 1994. In 2000, your affiant was promoted to Detective Grade 2 and is currently serving at this rank.

2. During your affiant's twelve year tenure with the Metropolitan Police Department he has been assigned to the Third District Patrol Operations, Prostitution Enforcement Unit, and is currently assigned to the Northern Virginia Regional Internet Crimes Against Children Task Force. Your affiant has received training in the following subject areas: Family Violence and Child Protection, Basic Investigator Course, Interview and Interrogation, Sexual Assault Nurse Examination, Children's Hospital Conference on Responding to Child Maltreatment, Child Abuse and Child Exploitation Investigation techniques, undercover Internet Crimes Against Children (ICAC) investigations course and Image scanning.

3. Your affiant has made numerous arrests and interviewed numerous victims, witnesses, and suspects. Your affiant has participated in numerous child abuse investigations, child sex abuse investigations and ICAC investigations. In November of 2005, the affiant received cross designation training from Immigration and Customs Enforcement (ICE).

## DEFINITIONS/TERMS

4. The terms **records**, **documents**, and **materials**, as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical,

electronic, magnetic or photo-optical form (including, but not limited to, tape recordings, cassettes, compact discs, electronic, photo-optical or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

     5.     **Yahoo!** is a commercial computer service, also known as a commercial bulletin board, offering subscribers the ability to communicate online with other individuals through, *inter alia*, chat rooms, e-mail and/or instant messaging.

     6.     An **Internet chat room** is an electronic meeting room provided by Yahoo! and other similar services that allows groups of two or more Internet users to have conversations. An Internet user using an Internet chat room chooses a unique identifier, i.e., a screen name, in order to identify himself or herself to other users of the service. To communicate using a Yahoo! Internet chat room, each user must have access to a computer that is connected to the Internet such that it can communicate with Yahoo! chat servers located in California. Each Yahoo! chat room user can communicate with other users also logged in to Yahoo! at the same time in real time through chat rooms, private chat rooms, or instant messages. Within the system, text messages as well as other types of messages (such as graphic images or photographs) can be sent to a user. Both text and graphics files can be saved to the user=s computer's hard drive or other electronic media for access and printing at any time.

## INVESTIGATION

7. On Wednesday, September 13, 2006, Detective Timothy R. Palchak (Metropolitan Police Department) was acting in an undercover capacity as part of a multi-jurisdictional Internet Crimes Against Children (ICAC) Task Force. Detective Palchak was operating out of the ICAC satellite office in Washington, D.C. On September 13, 2006, an individual using the screen name "ilikesexxx" initiated contact with Detective Palchak, who was using the screen name "daddysgrldc." Detective Palchak identified himself as a twelve-year-old female residing in the District of Columbia. The defendant, who was using the screen name "ilikesexxx," identified himself as a twenty-year-old male residing in College Park, Maryland.

8. The defendant initiated a conversation with "daddysgrldc" in a private Yahoo chat room. The conversation began at approximately 4:06 p.m. and ended at approximately 4:51 p.m. During the course of the conversation, the defendant and Detective Palchak exchanged photographs via the Internet. Detective Palchack sent a picture of a young female child in a bathing suit, representing that it was a photograph of the twelve-year-old girl who was using the screen name "daddysgrldc." The defendant sent several pictures of himself. Detective Palchak indicated in the course of the conversation that the twelve-year-old girl using the screen name "daddysgrldc" was named "Amanda." During the conversation in the chat room, the defendant discussed engaging in sexual intercourse with "Amanda." He assured her that she would not get pregnant because he always used condoms when engaging in sexual relations. He made arrangements to meet Amanda in front of xxxx Adams Street, N.E. in the District of Columbia at 5:15 p.m. on September 13, 2006.

9. On September 13, 2006 at approximately 6:25 p.m., the defendant was observed parking a vehicle bearing Maryland license plates in front of xxxx Adams Street, N.E., Washington,

D.C. The defendant's appearance matched that of the person depicted in the photographs sent via the Internet by the individual using the screen name "ilikesexxx." The defendant was placed under arrest at that time. A search incident to arrest was conducted. Among the items recovered were condoms and driving directions from Berwyn Road, ZIP code 20740-2108, to xxxx Adams Street, N.E. The words "Apt x Amanda" were written below the directions. After the defendant's arrest, he gave "xxxx Berwyn Road, College Park, Maryland" as his address. On September 14, 2006, the defendant was charged by criminal complaint in the United States District Court for the District of Columbia with the offense of Travel with the Intent to Engage in Illicit Sexual Conduct in violation of Title 18, United States Code, Section 2423(b).

10.     The defendant told the affiant that he resides at xxxx Berwyn Road, College Park, Maryland and has access to several computers in the home. The defendant did not disclose which computer he was using when he was chatting with "daddysgrldc."

11.     Based on your affiant's knowledge, training and experience, your affiant knows that data storage devices, including computers, located in the defendant's home may be important to this criminal investigation in two distinct ways: (1) the objects themselves may be contraband, evidence, or instrumentalities of crime, and/or (2) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of crime in the form of electronic data. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search for and seize computer hardware, software, and electronic files that are evidence of crime, contraband, instrumentalities of crime, and/or fruits of crime. In this case, the warrant application requests permission to search and seize computers and other data storage devices as evidence and instrumentalities of crime as well as data stored in devices that are also evidence and/or contraband.

12. Based on your affiant's knowledge, training and experience, your affiant knows that engaging in Internet chat room conversations can create evidence of the chat that will be stored on the computer used to access the Internet chat room service. Based on your affiant's knowledge, training and experience in investigations involving computers and electronic evidence, your affiant knows that incriminating evidence can be hidden or otherwise reside on almost any part of a computer's memory. Directories, files names and file extensions need not disclose the true nature of the contents of a file, making it easy for criminals to hide evidence. Accordingly, searching computers and other storage devices for the evidence described below may require a range of data analysis techniques. In cases such as this one, it is often not possible for agents to gather all relevant materials through "keyword" searches or by looking for only particular directories, file names, or file types. Criminals can mislabel or hide files and directories; encode communications to avoid using key words; attempt to delete files to evade detection; or take other steps designed to frustrate law enforcement searches for information. These steps may require agents to conduct more extensive searches, such as scanning areas of the disk not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described below.

13. Based on your affiant's knowledge, training and experience in investigations of child exploitation and Internet Crimes Against Children, your affiant knows that adults who seek out children in Internet chat rooms and attempt to meet those children for sex often also access child pornography, often accessing such contraband over the Internet and storing such contraband on computer storage devices. Your affiant knows that child pornographers generally prefer to store

images of child pornography in electronic form as computer files and that further records of Internet activity in search of child pornography can be found on computers used for this purpose.

14. In addition, based on your affiant's knowledge, training and experience in investigations of child exploitation and Internet Crimes Against Children, your affiant knows that adults who are caught seeking out children in Internet chat rooms and attempting to meet those children for sex have usually done so before.

15. On September 14, 2006, your affiant obtained a search warrant from the United States District Court for the District of Maryland to search xxxx Berwyn Road, College Park, Maryland, and to run an image scan on all computers found in that residence to look for the photograph sent by Detective Palchak to the defendant. This photograph, as well as the photographs of the defendant that "ilikesexxx" sent to "daddysgrldc," were found on a homemade personal computer, black and gray in color, located in the basement of xxxx Berwyn Road, College Park, Maryland. Image scans were conducted on the two other computers in the residence, but neither of those computers contained the photographs that had been exchanged between "ilikesexxx" and "daddysgrldc." The defendant's brother, who also resides at xxxx Berwyn Road, College Park, Maryland, stated to the searching officers that the defendant usually uses the computer in the basement. Pursuant to the Maryland search warrant, the searching officers seized the homemade computer and transported it to the Metropolitan Police Department's Youth Investigations Branch in the District of Columbia, where it was secured pending authorization from this Court to conduct a full search of its contents.

16. For these reasons, your affiant maintains that there is probable cause to believe that the defendant used the homemade personal computer found in the basement of xxxx Berwyn Road,

College Park, Maryland, to conduct the chat described above, and that this computer may contain additional evidence, fruits, or instrumentalities of a violation of 18 U.S.C. § 2423(b).

## ITEM TO BE EXAMINED

One homemade personal computer, black and gray in color, bearing no serial number, seized from the basement of xxxx Berwyn Road, College Park, Maryland, on September 14, 2006, and currently in the custody of the Metropolitan Police Department's Youth Investigations Branch in Washington, D.C.

## ITEMS TO BE SEARCHED FOR

A.  All records or items relating to internet conversations between "daddysgrldc" (who is further described above) and "ilikesexxx" (who is further described above);

B.  All records or items relating to the use of Yahoo! Internet chat rooms for the purpose of soliciting underage children in order to engage in illicit sexual acts;

C.  Envelopes, letters, documents, and other correspondence, including but not limited to, electronic mail, chat logs, IRC logs, ICQ logs, all other usage records for distributed file sharing technologies, and electronic messages, offering to distribute and receive visual depictions of minors engaged in sexually explicit conduct, or to show evidence of a sexual interest in minors or desire or motive to advertise, distribute, transport, receive, collect and posses visual depictions of minors engaged in sexually explicit conduct; and

D.  Any digital depictions of minors engaged in sexually explicit conduct ; any digital pornographic photographs of minors or photographs of the defendant which could be used to transmit to persons in chat rooms for the purpose of soliciting underage children to engage in illicit sexual acts.

## **CONCLUSION**

Based on the foregoing, I, Detective Timothy R. Palchak, respectfully submit that there is probable cause to believe that an individual who was staying at xxxx Berwyn Road, College Park, Maryland has violated 18 U.S.C. § 2423(b), and that there currently is located on a homemade personal computer seized from those premises evidence and instrumentalities of that offense. Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the item described more fully in the section titled "ITEM TO BE SEARCHED" above.

_____
Detective Timothy R. Palchak
Metropolitan Police Department

Sworn to and subscribed before me this _____ day of September, 2006.

_____
UNITED STATES MAGISTRATE JUDGE